UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
E.K. and E.K., *individually and on behalf of their minor child, J.A.K.*,

                                  Plaintiffs,

               -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                  Defendant.
------------------------------------------------------------X

23 Civ. 11276 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The parties filed cross-motions for summary judgment with Plaintiffs seeking (1) payment of $760.40 in "administrative fees" Plaintiffs had incurred on reimbursed expenses; (2) prejudgment interest on reimbursements awarded to Plaintiffs in the administrative proceedings and (3) attorneys' fees and costs totaling $96,796.50, and Defendant opposing Plaintiffs' requested relief. On September 5, 2025, the Honorable Barbara Moses, United States Magistrate Judge, issued a Report and Recommendation (the "Report") granting in part Plaintiff's motion, denying Defendant's motion and awarding Plaintiffs the requested $760.40 in "administrative fees" and $66,845 in attorneys' fees and costs. Plaintiffs timely filed objections.[1] For the reasons below, Plaintiffs' objections are overruled, and the Report is adopted in full.

### I. BACKGROUND

Familiarity with the Report is assumed, and a summary of the facts relevant to the objections is summarized below.

---

[1] Although Defendant's deadline to file any opposition has not yet expired, further briefing is unnecessary under the circumstances.

J.A.K. is a child with a disability, as defined by the IDEA.  On April 3, 2023, Plaintiffs, J.A.K.'s parents, filed a Due Process Complaint alleging that Defendant had failed to offer J.A.K. a free appropriate public education for the 2020-21, 2021-22, and 2022-23 school years, and that Defendant had failed in its Child Find obligations with respect to J.A.K. for the 2020-21 school year and part of the 2021-22 school year.  On June 23, 2023, the Impartial Hearing Officer ("IHO") issued a decision that, in relevant part, required Defendant to reimburse Plaintiffs for out-of-pocket expenses Plaintiffs had incurred relating to J.A.K.'s education within thirty days of Plaintiffs' providing proof of payment.  Each party appealed portions of the IHO's decision, and on August 30, 2023, the State Review Officer ("SRO") issued a decision on appeal that, in relevant part, required Defendant to reimburse additional out-of-pocket expenses Plaintiffs had incurred.  On December 15, 2023, Plaintiffs submitted invoices to Defendant for expenses totaling $104,347.90 and, four months later, sent invoices for an additional $7,050.

On December 29, 2023, shortly after submitting the first batch of invoices, Plaintiffs filed the Complaint seeking review of the SRO decision, an order compelling Defendant to comply with the relief ordered by the IHO and SRO, relief under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and attorneys' fees.  Plaintiffs do not dispute that Defendant has now reimbursed all expenses except for the "administrative fees" (i.e., credit card processing fees) included in those expenses. Plaintiffs received the final reimbursement check totaling $86,312.50 (the vast majority of the total money owed to Plaintiff) on August 7, 2024.  On September 3, 2024, the parties stipulated to dismissal of Plaintiffs' challenge to the outcome of the administrative proceedings and Plaintiffs' Rehabilitation Act and ADA claims.

## II.     LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). A district court need only satisfy itself that no clear error is apparent from the face of the record. *See, e.g.*, *Candelaria v. Saul*, 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020). A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. 28 U.S.C. § 636(b)(1); *accord United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).

In IDEA cases, summary judgment "is in substance an appeal from an administrative determination." *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021).[2] A district court "engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence." *Id.* Additionally, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C.

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

§ 1415(i)(3)(B)-(C). To calculate a presumptively reasonable fee, a district court determines the appropriate billable hours expended and sets a "reasonable hourly rate." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023) (per curiam). The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters.*, 679 F.3d 41, 59 (2d Cir. 2012); *accord K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (summary order). In determining an appropriate hourly rate, the district court should consider "all pertinent factors, including the *Johnson* factors." *H.C.*, 71 F.4th at 126.³ A court does not need to make specific findings as to each factor as long as it considers all of them when setting the fee award. *See, e.g.*, *R.G. v. N.Y.C. Dep't of Educ.*, 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019).

III.   **DISCUSSION**

The portions of the Report to which there are specific objections are reviewed de novo, and the remainder is reviewed for clear error. Under this standard, the Report is adopted in full.

---

³ The *Johnson* factors are the following relevant factors for attorney fee calculations, as set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96 (1989): "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *H.C.*, 71 F.4th at 126 n.2.

### A. Prejudgment Interest

Plaintiffs object to the Report's recommendation declining to award prejudgment interest. The objection is overruled.

A district court may award prejudgment interest to an IDEA plaintiff if, in the court's discretion, interest is necessary "to fully compensate the wronged party," based on "fairness and the relative equities of the award," the "remedial purpose of the statute involved," and any other principles a district court deems relevant. *Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 955 F.2d 831, 833-34 (2d Cir. 1992); *see H.C.*, 71 F.4th at 129.

The Report recommended no award of prejudgment interest because Plaintiffs "have been (or will be) adequately reimbursed by the DOE for their documented out-of-pocket expenses." Additionally, the Report found that the delays here were not "unusually protracted" and that the timing of Defendant's reimbursements was "consistent with the DOE's ordinary payment procedures and the practical realities of bureaucratic administration." Because Defendant has reimbursed Plaintiffs in full (except for the administrative fees in dispute) and in light of the relief ordered in this matter, the Report correctly found that the award is sufficient to provide Plaintiffs with adequate compensation without prejudgment interest.

Plaintiffs argue that the Report's recommendation is erroneous because (1) the Report mischaracterized Defendant's payment delay, given that "Plaintiffs did not receive the vast majority of reimbursements owed to them until nearly eight months after they initially provided proof of payment to Defendant," and (2) the Report inappropriately credited Defendant's explanation for the delay. These arguments are unavailing because, on the facts of this case and given the relief awarded, prejudgment interest is not necessary to compensate Plaintiffs fully

despite Defendant's delay in remitting payment. Plaintiffs cite two instances in this Circuit in which courts have awarded prejudgment interest for reimbursement sought under the IDEA, both of which presented more extreme facts than are present here. *See Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 414 (2d Cir. 2010) (summary order) (awarding prejudgment interest in IDEA case for expenses "incurred almost a decade ago"); *Doe v. E. Lyme Bd. of Educ.*, 262 F. Supp. 3d 11, 23 (D. Conn. 2017) (awarding prejudgment interest in IDEA case where Department "knowingly persisted in its violations"), *aff'd in relevant part, vacated in part, remanded*, 962 F.3d 649 (2d Cir. 2020). That said, although Defendant "is not obliged to circumvent its ordinary payment procedures" to compensate plaintiffs, *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024), it is troubling that Defendant waited several months before paying most of the money owed.

### B. Attorneys' Fees

Plaintiffs object to the Report's recommended $360 hourly rate for work performed in the federal litigation. The objection is overruled, and the $360 hourly rate is adopted.

District courts have "great leeway" to determine the reasonable awards for time spent on fee motions. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (district judge "may refuse further compensation or grant it sparingly" where "time devoted to presenting [fee claims] is unnecessarily high"), *aff'd*, 448 U.S. 122 (1980); *see K.L.*, 584 F. App'x at 20 (finding no abuse of discretion where district court awarded no fees for time spent litigating fee petition).

Here, the Report recommended a $360 hourly rate for Plaintiffs' federal work, compared to $400 for work in the administrative proceedings, because Plaintiffs' federal work was "principally pursuing" their fee petition. The Report found that Plaintiffs sought compensation

for 122 hours spent litigating the federal action as compared to 105.3 hours expended in the underlying administrative proceedings.  The Report recommended applying a 25% deduction to Plaintiffs' hours expended in the federal litigation (to which Plaintiffs do not object), plus an additional 10% reduction in Plaintiffs' rates as compared to the rates awarded for the administrative proceeding.  The $360 hourly rate for federal work is adopted because it is a reasonable rate for Plaintiffs' services performed in the instant litigation.  Even taken together with the 25% deduction in hours, the Report's recommended cuts are relatively modest.  *See, e.g.*, *K.L.*, 584 F. App'x at 20 (awarding no fees where Plaintiffs expended thirty hours litigating fee petition); *B.B. v. N.Y.C. Dep't of Educ.*, 17 Civ. 4255, 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) (reducing award by approximately 50% for attorney who expended 80 hours on federal portion of IDEA case); *J.A. v. N.Y.C. Dep't of Educ.*, 22 Civ. 9454, 2023 WL 5004701, at *10 (S.D.N.Y. Aug. 4, 2023) (recommending 80% reduction in hours for 130 hours Plaintiffs expended on federal litigation), *report and recommendation adopted*, 2023 WL 7273742 (S.D.N.Y. Nov. 3, 2023).

      Plaintiffs argue that the Report erred in reducing their federal rates because Plaintiffs sought substantive relief in addition to attorneys' fees in federal court.  The Report, however, correctly found that Plaintiffs' fee request made up a significant part of the work expended in the federal litigation, as evidenced by Plaintiffs' billing records and summary judgment submissions.  The Report's recommendation appropriately balances the fact that Plaintiffs sought substantive relief in the federal action with the high amount of hours expended on the fee portion of the case.

      Plaintiffs also argue that the Report incorrectly justified its rate reduction on the basis that "administrative work entails greater risk and requires more skill" than a fee petition, particularly

given that Defendant "failed to make a reasonable settlement offer," which could have obviated the need for a fee petition. As explained above, however, courts in IDEA cases regularly award lower fees for work litigating fee petitions as opposed to administrative proceedings. *See, e.g.*, *K.L.*, 584 F. App'x at 20.

Plaintiffs finally argue that the Report "penalized Plaintiffs twice for litigating the fee claim" by applying both a 25% reduction in hours and a 10% reduction in rate. This argument fails because the "essential goal of fee shifting . . . is to do rough justice," and the Report's recommended reductions taken together reflect a reasonable fee award given the services rendered. *H.C.*, 71 F.4th at 125; *see also id.* at 127 ("We . . . hold that a district court does not err when it considers the complexity of the dispute both when it evaluates the time reasonably expended as well as the reasonable hourly rate.").

Because a $360 hourly rate for work on the federal litigation is reasonable, Plaintiffs' objection to that rate is overruled.

### C. Remaining Report

As to the remainder of the Report to which Plaintiffs did not object, there is no clear error on the face of the record. Accordingly, these portions are adopted in full. *See* 28 U.S.C. § 636(b)(1) (In reviewing a magistrate judge's recommendations, a District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *accord J.A.*, 2023 WL 7273742, at *1.

### IV. CONCLUSION

For the reasons above, the Report is adopted in full.  Plaintiffs' motion for summary judgment is **GRANTED IN PART**, and Defendant's motion for summary judgment is **DENIED**. Judgment is awarded to Plaintiffs in the amount of $67,605.40, consisting of $760.40 as reimbursement for the administrative fees charged by Leap Years, $36,308.00 for legal fees incurred in the underlying administrative proceeding, $30,132.00 for fees incurred in this civil action and $405.00 in costs.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 25 and 32 and to close the case.

Dated: September 26, 2025
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                         **UNITED STATES DISTRICT JUDGE**